FILED
U.S. DISTRICT COURT
SEP 25 2015
CLERK
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| BRANCH BANKING & TRUST COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JERRY C. WARDLAW CONSTRUCTION, ) <br> INC.; JACK WARDLAW, III; AND ) <br> JERRY C. WARDLAW; ) <br> ) <br> Defendants. ) <br> ) | CASE NO. CV414-042 |

# O R D E R

Before the Court is the Plaintiff's Motion for Summary Judgment (Doc. 23), to which Defendants' have filed a response (Doc. 28). For the following reasons, Plaintiff's Motion is **GRANTED**. However, the Court reserves ruling on the issue of damages. Both parties are hereby **ORDERED** to file a single supplemental brief regarding the appropriate damages to be applied at this time, including fees and other costs. Both parties are **DIRECTED** to file their briefs within thirty days from the date of this order.

## BACKGROUND

This case arises out of a series of notes, note extensions, and guarantees entered into between Jerry C. Wardlaw Construction, Inc. ("Company"), Jack Wardlaw, III, and Jerry C.

Wardlaw (collectively "Defendants"); and Branch Banking & Trust Company ("BB&T"). There are five notes at issue:

(1) Note-137 was executed by the Company on September 20, 2005 for $ 1,035,000. (Doc. 1 ¶ 9; Doc. 23, Attach. 4 at 22-25.) The Company subsequently executed a series of note modification agreements that extended the maturity date of the note to October 10, 2011. (Doc. 1 ¶ 10; Doc. 23, Attach. 4 at 27-46.) On September 20, 2005, Jack Wardlaw and Jerry Wardlaw executed personal guarantees unconditionally guaranteeing the payment of all notes between the Company and BB&T.[1] (Doc. 1 ¶ 11-12; Doc. 23, Attach. 4 at 48-53.)

(2) Note-144 was executed by the Company on April 13, 2006 for $ 1,533,000. (Doc. 1 ¶ 20; Doc. 23, Attach. 4 at 55-58.) The Company subsequently executed a series of note modification agreements that extended the maturity date of the note. (Doc. 1 ¶ 21; Doc. 23, Attach. 4 at 60-87.) On April 13, 2006, Jack Wardlaw and Jerry Wardlaw executed personal guarantees unconditionally guaranteeing the payment of all notes between the Company and BB&T. (Doc. 1 ¶ 22-23; Doc. 23, Attach. 4 at 89-94.)

(3) Note-180 was executed by the Company on March 26, 2007 for $ 1,361,600. (Doc. 1 ¶ 31; Doc. 23, Attach. 4 at 96-99.) The Company subsequently executed a series of note modification agreements that extended the maturity date of the note. (Doc. 1 ¶ 32; Doc. 23, Attach. 4 at 101-17.) On March 26, 2007, Jack Wardlaw and Jerry Wardlaw executed personal guarantees unconditionally guaranteeing the payment of all notes between the Company and BB&T. (Doc. 1 ¶ 33-34; Doc. 23, Attach. 4 at 119-24.)

(4) Note-231 was executed by the Company on June 2, 2009 for $ 212,400. (Doc. 1 ¶ 42; Doc. 23,

---

[1] After each note at issue in this case was executed, Jack and Jerry Wardlaw executed personal guarantees that guaranteed each note currently in existence between the Company and BB&T and any notes that the Company would enter into in the future.

2

>   Attach. 4 at 126-29.) The Company subsequently executed two note modification agreements that extended the maturity date of the note. (Doc. 1 ¶ 43; Doc. 23, Attach. 4 at 131-138.) On June 2, 2009, Jack Wardlaw and Jerry Wardlaw executed personal guarantees unconditionally guaranteeing the payment of all notes between the Company and BB&T. (Doc. 1 ¶ 44-45; Doc. 23, Attach. 4 at 140-45.)
>
> (5) Note-233 was executed by the Company on March 19, 2010 for $204,000. (Doc. 1 ¶ 53; Doc. 23, Attach. 4 at 147-50.) At the same time, Jack Wardlaw executed a personal guarantee unconditionally guaranteeing the payment of all notes between the Company and BB&T. (Doc. 1 ¶ 54; Doc. 23, Attach. 4 at 152-54.) On July 5, 2001 Jack Wardlaw and Jerry Wardlaw executed personal guarantees unconditionally guaranteeing payment of the notes between the Company and BB&T. (Doc. 1 ¶ 55-56; Doc. 23, Attach. 4 at 156-69.)

Defendants failed to pay the indebtedness under all 5 notes, which subsequently went into default. (Doc. 23, Attach. 1 at 4-5, Doc. 28 at 2.) As a result, BB&T filed suit in this Court seeking recovery under the notes. (Doc. 1.)

On December 12, 2015 Plaintiff filed a Motion for Summary Judgment (Doc. 23) stating that the Defendants had no valid defenses to Plaintiff's claim (Doc. 23, Attach. 1 at 9), that Plaintiff had properly stated a claim upon which relief could be granted (id. at 8), and that there are no material disputes of fact (id.). Defendants filed a response (Doc. 28) conceding that Plaintiff loaned money to the Company and that the Company was unable to pay the amount sought in the lawsuit. (Id. at 2.) However, Defendants challenged the evidentiary basis for

Plaintiff's motion, alleging that it relied on unauthenticated documents that could not be considered for purposes of adjudicating the motion. (Id. at 1.)

**ANALYSIS**

I. MOTION FOR SUMMARY JUDGMENT

Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.' " Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (quoting Fed. R. Civ. P. 56 advisory committee notes). Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law governing the action determines whether an element is essential. DeLong Equip. Co. v. Wash. Mills Abrasive Co., 887 F.2d 1499, 1505 (11th Cir. 1989).

4

As the Supreme Court explained:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323. The burden then shifts to the nonmovant to establish, by going beyond the pleadings, that there is a genuine issue as to facts material to the nonmovant's case. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

The Court must review the evidence and all reasonable factual inferences arising from it in the light most favorable to the nonmovant. Matsushita, 475 U.S. at 587-88. However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. A mere "scintilla" of evidence, or simply conclusory allegations, will not suffice. See, e.g., Tidwell v. Carter Prods., 135 F.3d 1422, 1425 (11th Cir. 1998). Nevertheless, where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the Court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989).

There is no dispute that the notes, note extensions, and guarantees are governed under the laws of Georgia. (e.g. Doc. 23, Attach. 4 at 24.) In Georgia, "[i]t is well established that a plaintiff seeking to enforce a promissory note establishes a prima facie case by producing the note and showing that it was executed." Stewart v. Johnson, 269 Ga. App. 698, 699, 605 S.E.2d 111, 113 (2004); (citing O.C.G.A. § 11-3-308(a); Vandegriff v. Hamilton, 238 Ga. App. 603, 603, 519 S.E.2d 702, 703 (1999)). Once the note has been produced and shown to be executed, "the plaintiff is entitled to judgment as a matter of law unless the defendant can establish a defense." Stewart, 269 Ga. App. at 699; (citing O.C.G.A. § 11-3-308(b); McLemore v. Sw. Ga. Farm Credit, 230 Ga. App. 85, 87, 495 S.E.2d 335, 337 (1998); Commonwealth Land Title Ins. Co. v. Miller, 195 Ga. App. 830, 832, 395 S.E.2d 243, 245 (1990); Sadler v. Trust Co. Bank of S. Ga., 178 Ga. App. 871, 873, 344 S.E.2d 694, 695 (1986)).

This case presents no genuine issues of material fact. Defendants have admitted that Plaintiff loaned money to the Company, and Defendants have admitted that the Company was unable to pay the funds sought in this lawsuit. (Doc. 28 at 2.) Defendants have likewise admitted that Jerry Wardlaw and Jack Wardlaw signed the guarantee agreements at issue in this case. (Id.; see infra note 5) This is sufficient to support summary judgment against the Defendants unless they present a valid

defense. Defendants' sole argument opposing the motion for summary judgment is that the promissory notes, note modifications, and guarantees accompanying Plaintiff's complaint and Motion for Summary Judgment are unauthenticated documents that cannot be considered at this stage in the litigation.[2] (Doc. 28 at 1.) For the reasons below, this Court finds this defense unavailing.

Defendants first claim that the notes, note extensions, and guarantees have not been properly introduced into evidence before this Court. Generally, "[t]o be admissible in support of or in opposition to a motion for summary judgment, a document must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence."[3]

---

[2] Defendants presented a series of additional affirmative defenses in their answer. (Doc. 10.) However, Defendants failed to include these defenses in their response (Doc. 28) to Plaintiff's motion (Doc. 23). As a result, Defendants' have waived these defenses. See Hamilton v. Southland Christian Sch., Inc., 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it."); see also Singh v. U.S. Att'y Gen., 561 F.3d 1275, 1278 (11th Cir. 2009) (per curiam) ("[S]imply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.").

[3] Fed. R. Civ. Pro 56(e) was modified in 2010 and no longer includes requirements for submitting affidavits with sworn copies. Specifically, the Rule 56 Advisory Notes from the 2010 amendments concluded that "[t]he requirement that a sworn or certified copy of a paper referred to in an affidavit or

<u>Saunders v. Emory Healthcare, Inc.</u>, 360 Fed. App'x. 110, 113 (11th Cir. 2010) (<u>citing</u> 10A Charles Alan Wright, Arthur R Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 2772 (3d ed. 1998)). The correct practice is to "attach [a] document as an exhibit to an affidavit on summary judgment, and to have that witness attest to the exhibit being a true and correct copy of the original." <u>U.S. Aviation Underwriters, Inc. v. Yellow Freight Sys., Inc.</u>, 296 F. Supp. 2d 1322, 1334 n.12 (S.D. Ala. 2003). That is exactly what happened here. Plaintiff attached the notes, note modification agreements, guaranty agreements, pay histories, business loan note inquiries and BB&T non-accrual note calculators to the affidavit of Kenneth Wendel, and submitted that affidavit as part of its Summary Judgment Motion. (Doc. 23, Attach. 4.) Mr. Wendel's affidavit swears that the copies attached "are true and correct copies, and were prepared at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter." (<u>Id.</u> ¶ 2.) This affidavit satisfies the requirements for producing documentation to be considered at summary judgment.

---

declaration be attached to the affidavit or declaration is omitted as unnecessary given the requirement in subdivision (c)(1)(A) that a statement or dispute of fact be supported by materials in the record." Fed. R. Civ. P. 56 advisory committee notes.

The Defendants also argue that the documents cannot be introduced by Mr. Wendel because he did not sign the notes. (Doc. 28 at 5.) This argument is, likewise, unavailing. There is no requirement that the individual propounding a business record also be the individual who signed it. According Fed. R. Evid. 901(a), documents must be properly authenticated as a condition precedent to their admissibility by "evidence sufficient to support a finding that the item is what the proponent claims." A document may be authenticated by "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." Id. at (b)(4). "The court's task is to determine whether there is competent evidence from which a reasonable mind could conclude that the proposed item has been authenticated." Williams v. Great-West Healthcare, 2007 WL 4564176 (N.D. Ga. 2007) (citing United States v. Caldwell, 776 F.2d 989, 1001 n.16 (11th Cir. 1985)).

There is little doubt in this Court's mind that the documents at issue are "what the proponent claims," particularly as Mr. Wendel's affidavit satisfies the requirements for the submission of records of a regularly conducted business activity pursuant to Fed. R. Evid. 803(6). The documents have been offered through an officer of BB&T familiar with the bank's making and maintenance of the records, and who testified that

the documents were made at or near the time of the event, were made in the course of regularly conducted business, and were properly kept in the course of BB&T's business. (Doc. 23, Attach. 4 ¶ 1)

Finally, Defendants' argument that Plaintiff has not produced the original copies of the notes, note extensions, and guarantees is also insufficient to deny summary judgment. Excluding Fed. R. Evid. 1002, there is "no general rule that proof of a fact will be excluded unless its proponent furnishes the best evidence in his power." Allstate Ins. Co. v. Swann, 27 F.3d 1539, 1543 (11th Cir. 1994) (citing 5 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 1002[01] (1993). Even when Rule 1002 is applied, Rule 1003 notes that "[a] duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." Fed. R. Evid. 1003. Likewise, there is no error in admitting photostatic copies when there is no suggestion that the copies are incorrect. Myrick v. United States, 332 F.2d 279, 282 (5th Cir. 1963).[4] The Defendants have raised no question here as to whether the copies of the documents Plaintiff produced are authentic.

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Not once in Defendants' response (Doc. 28) do they actually state that there is a question as to the contents of the documents or that the Defendants believe the documents to be inaccurate.[5] As a result, this Court finds that the duplicates submitted with Mr. Wendel's affidavit and attached to Plaintiff's Motion for Summary Judgment are sufficient to survive Defendants' challenge.

Defendants have not provided any evidence or argument which justifies denying Plaintiff's motion for summary judgement. Defendants have admitted that Plaintiff loaned money to the Company and that the Company was unable to pay the funds sought in this lawsuit. (Doc. 28 at 2.) Defendants have likewise admitted that Jack and Jerry Wardlaw signed the guarantee agreements at issue in this case. (Id.) With the exception of the arguments regarding the authenticity of certain evidence, disposed of above, Defendants have presented no defenses to the Plaintiff's recovery on the notes. As a result, this Court sees no colorable reason to deny Plaintiff's Motion for Summary Judgment.

---

[5] In fact, in Defendant Jerry C Wardlaw Construction, Inc.'s Response to Plaintiff's First Request for Admissions, attached as an exhibit to Plaintiff's Motion for Summary Judgment, the Company admitted that true and correct copies of the notes were attached to the complaint. (Doc 23, Attach. 5 at 77-83.) Jack and Jerry Wardlaw likewise both admitted to the signatures on the guarantees. (Doc. 23, Attach. 5 at 91-101; (Doc. 23, Attach. 5 at 108-119.)

11

II. DAMAGES

Plaintiff has presented evidence regarding the appropriate damages to be applied in this case. However, this Court notes that the damages calculation will depend on the length of time during which the indebtedness under the loan has been pending. As a result, this Court directs the parties to file a single supplemental brief detailing the exact amount due under the notes, including attorneys fees.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is **GRANTED**. However, the Court reserves ruling on the issue of damages. Both parties are hereby **ORDERED** to file a single supplemental brief regarding the appropriate damages to be applied at this time, including fees and other costs. Both parties are **DIRECTED** to file their briefs within thirty days from the date of this order.

SO ORDERED this 25th day of September, 2015.

_____
WILLIAM T. MOORE, JR.,
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA