FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2015 NOV -6 PM 2:59
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BRANCH BANKING & TRUST COMPANY, )
)
    Plaintiff, )
)
v. ) CASE NO. CV414-042
)
JERRY C. WARDLAW CONSTRUCTION, )
INC.; JACK WARDLAW, III; AND )
JERRY C. WARDLAW; )
)
    Defendants. )
)

## O R D E R

Before the Court is Plaintiff's Supplemental Brief Calculating Damages Through October 20, 2015 (Doc. 33), to which there has been no response. In its September 25, 2015 order, this Court granted summary judgment for Plaintiff, but reserved ruling on the issue of damages. (Doc. 32.) The Court ordered both parties to file a single supplemental brief regarding the appropriate amount of damages in this case. Plaintiff Branch Banking & Trust Company filed such a brief, noting that the appropriate amount of damages in this case through October 20, 2015 was $1,725,822.25[1]. Defendants Jerry C. Wardlaw Construction, Inc.; Jack Wardlaw, III; and Jerry C. Wardlaw failed to file a response.

---

[1] The Supplemental Brief included per diem rates for both interest and attorney's fees allowing for the calculation of the appropriate damages through November 6, 2015.

An evidentiary hearing on damages is unnecessary as "the amount of damages is liquidated or can be reduced to a sum certain." Producers Credit Corp., v. Stuart Eugene McCleskey, 2015 WL 6126831, at *2 (M.D. Ga. Oct. 16, 2015). In addition to damages for principal, interest, and bank fees, Plaintiff requests attorney's fees under O.C.G.A. § 13-1-11. According to O.C.G.A. § 13-1-11 "[o]bligations to pay attorney's fees upon any note or other evidence of indebtedness . . . shall be valid and enforceable and collectable as part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity." If the note does not specify the percent of the attorney's fees, they are statutorily construed to "mean 15 percent of the first $500.00 of principal and interest owing on such note or other evidence of indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00." Id. However, a party seeking attorney's fees must provide the debtor with written notice stating that the debtor has ten days to pay the principal and interest without liability for attorney's fees. Id. In this case, the record contains unrebutted evidence indicating that these requirements were met. (Doc. 1 at 5, 9, 13, 16, 20.) Accordingly, the individual damages broken down by principal, interest, bank fees, and attorney's fees through November 6, 2015 are ascribed below.

A. <u>Note 137</u>

   Principal = $431,095.92

   Interest = $109,120.59

   Bank Fees = $7,682.97

   Attorney's Fees = $54,046.65

   **Total** = $601,946.13

B. <u>Note 144</u>[2]

   Principal = $88,424.23

   Interest = $15,824.92

   Attorney's Fees = $10,449.91

   **Total** = $114,699.06

C. <u>Note 180</u>

   Principle = $311,818.09

   Interest = $102,818.34

   Bank Fees = $3,023.56

   Attorney's Fees = $41,488.65

   **Total** = $459,148.64

D. <u>Note 231</u>

   Principle = $199,597.50

   Interest = $50,540.66

   Bank Fees = $1,382.81

   Attorney's Fees = $25,038.82

---

[2] The Plaintiff provided no information on bank fees for Note 144. (Doc. 33.)

      **Total** = $276,559.79

  E. <u>Note 233</u>

      Principle = $202,052.28

      Interest = $50,142.18

      Bank Fees = $350.00

      Attorney's Fees = 25,244.45

      **Total** = $277,788.91

Accordingly, the Court hereby **ENTERS JUDGMENT** against Defendants Jerry C. Wardlaw Construction, Inc.; Jack Wardlaw, III; and Jerry C. Wardlaw and **AWARDS** Plaintiff damages in the amount of $1,730,142.53. Because there are no more claims pending in this case, the Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 6th day of November 2015.

_____
WILLIAM T. MOORE, JR.,
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA